IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NINA MARIKA GRONLUND,<br><br>Plaintiff,<br><br>v.<br><br>THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS IDENTIFIED ON SCHEDULE "A",<br><br>Defendants. | Case No. 23-cv-03522<br><br>**Judge Jorge L. Alonso**<br><br>**Magistrate Judge Sheila M. Finnegan** |

**DEFAULT JUDGMENT ORDER**

This action having been commenced by Plaintiff NINA MARIKA GRONLUND ("Gronlund" or "Plaintiff") against the defendants identified on First Amended Schedule A, and using the Defendant Internet Stores identified on First Amended Schedule A (collectively, the "Defendant Internet Stores"), and Gronlund having moved for entry of Default and Default Judgment against the defendants identified on First Amended Schedule A attached hereto which have not yet been dismissed from this case (collectively, "Defaulting Defendants");

This Court having entered a preliminary injunction; Gronlund having properly completed service of process on Defaulting Defendants, the combination of providing notice via electronic publication or e-mail, along with any notice that Defaulting Defendants received from payment processors, being notice reasonably calculated under all circumstances to apprise Defaulting Defendants of the pendency of the action and affording them the opportunity to answer and present their objections; and

None of the Defaulting Defendants having answered or appeared in any way, and the time for answering having expired, so that the allegations of the Complaint are uncontroverted and are deemed admitted;

This Court finds that it has personal jurisdiction over Defaulting Defendants because Defaulting Defendants directly target their business activities toward consumers in the United States, including Illinois. Specifically, Gronlund has provided a basis to conclude that Defaulting Defendants have targeted sales to Illinois residents by setting up and operating e-commerce stores that target United States consumers using one or more seller aliases, offer shipping to the United States, including Illinois, and have sold products using infringing versions of Gronlund's federally registered copyrights, which are protected by U.S. Copyright Registration Nos. VA 2-333-380; VA 2-332-339; VA 2-332-315; VA 2-333-403; VA 2-333-387; VA 2-332-329; VA 2- 333-382; VA 2-332-324; VA 2-332-327; VA 2-333-407; VA 2-333-410; VA 2-333-402; and VA 2-333-399 (the "Nina Marika Gronlund Works") to residents of Illinois. In this case, Gronlund has presented screenshot evidence that each Defendant e-commerce store is reaching out to do business with Illinois residents by operating one or more commercial, interactive internet stores through which Illinois residents can and do purchase products using unauthorized versions of the Nina Marika Gronlund Works. *See* Docket No. [13], which includes screenshot evidence confirming that each Defendant e-commerce store does stand ready, willing and able to ship its unauthorized goods to customers in Illinois bearing infringing versions of the Nina Marika Gronlund Works.

This Court further finds that Defaulting Defendants are liable for willful federal copyright infringement (17 U.S.C. § 504).

Accordingly, this Court orders that Gronlund's Motion for Entry of Default and Default Judgment is GRANTED as follows, that Defaulting Defendants are deemed in default, and that this Default Judgment is entered against Defaulting Defendants.

This Court further orders that:

1. Defaulting Defendants, their officers, agents, servants, employees, attorneys, and all persons acting for, with, by, through, under, or in active concert with them be permanently enjoined and restrained from:

    a. using the Nina Marika Gronlund Works or any reproductions, unauthorized copies, or colorable imitations in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine Gronlund product or not authorized by Gronlund to be sold in connection with the Nina Marika Gronlund Works;

    b. passing off, inducing, or enabling others to sell or pass off any product as a genuine Gronlund product or any other product produced by Gronlund, that is not Gronlund's or not produced under the authorization, control, or supervision of Gronlund and approved by Gronlund for sale under the Nina Marika Gronlund Works;

    c. committing any acts calculated to cause consumers to believe that Defaulting Defendants' products are those sold under the authorization, control, or supervision of Gronlund, or are sponsored by, approved by, or otherwise connected with Gronlund; and

    d. manufacturing, shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Gronlund, nor authorized by Gronlund to be sold

or offered for sale, and which bear any of Gronlund's registered copyrights, including the Nina Marika Gronlund Works, or any reproductions, unauthorized copies or colorable imitations.

2. Defaulting Defendants and any third party with actual notice of this Order who is providing services for any of the Defaulting Defendants, or in connection with any of the Defaulting Defendants' Defendant Internet Stores, including, without limitation, any online marketplace platforms such as Amazon Payments, Inc., ("Amazon") (collectively, the "Third Party Providers"), shall within seven (7) calendar days of receipt of this Order cease:

   a. using, linking to, transferring, selling, exercising control over, or otherwise owning the Defendant Internet Stores, or any other online marketplace account that is being used to sell or is the means by which Defaulting Defendants could continue to sell infringing goods using the Nina Marika Gronlund Works; and

   b. operating and/or hosting websites that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the Nina Marika Gronlund Works or any reproductions, unauthorized copies or colorable imitations thereof that is not a genuine Gronlund product or not authorized by Gronlund to be sold in connection with the Nina Marika Gronlund Works.

3. Upon Gronlund's request, those with notice of this Order, including the Third Party Providers as defined in Paragraph 2, shall within seven (7) calendar days after receipt of such notice, disable and cease displaying any advertisements used by or associated with Defaulting Defendants in connection with the sale of infringing goods using the Nina Marika Gronlund Works.

4. Pursuant to 17 U.S.C. § 504(c)(2), Gronlund is awarded statutory damages from each of the Defaulting Defendants in the amount of one hundred thousand dollars ($100,000) for willful use of infringing Nina Marika Gronlund Works on products sold through at least the Defendant Internet Stores. This award shall apply to each distinct Defaulting Defendant only once, even if they are listed under multiple different aliases in the Complaint and First Amended Schedule A.

5. Any Third Party Providers holding funds for Defaulting Defendants, including Amazon, shall, within seven (7) calendar days of receipt of this Order, permanently restrain and enjoin any accounts connected to Defaulting Defendants or the Defendant Internet Stores from transferring or disposing of any funds (up to the statutory damages awarded in Paragraph 4 above) or other of Defaulting Defendants' assets.

6. All monies (up to the amount of the statutory damages awarded in Paragraph 4 above) currently restrained in Defaulting Defendants' financial accounts, including monies held by Third Party Providers such as Amazon, are hereby released to Gronlund as partial payment of the above-identified damages, and Third Party Providers, including Amazon, are ordered to release to Gronlund the amounts from Defaulting Defendants' financial accounts within fourteen (14) calendar days of receipt of this Order.

7. Until Gronlund has recovered full payment of monies owed to it by any Defaulting Defendant, Gronlund shall have the ongoing authority to commence supplemental proceedings under Federal Rule of Civil Procedure 69.

8. In the event that Gronlund identifies any additional Defendant Internet Stores or financial accounts owned by Defaulting Defendants, Gronlund may send notice of any supplemental proceeding, including a citation to discover assets, to Defaulting Defendants by e-mail at

the e-mail addresses identified in Exhibit 2 to the Declaration of Nina Marika Gronlund and any e-mail addresses provided for Defaulting Defendants by third parties.

9. To obtain release of the bond previously posted in this action, Plaintiff's counsel must file a motion for the return of the bond once the preliminary injunction no longer applies to any Defendant.

This is a Default Judgment.

Dated: August 10, 2023

_____

Jorge L. Alonso
United States District Judge

**First Amended Schedule A**

| No. | Defendant |
|---|---|
| 1 | |
| 2 | |
| 3 | |
| 4 | |
| 5 | |
| 6 | XSTUS |
| 7 | |
| 8 | |
| 9 | |
| 10 | DDB-Direct |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | Cax store |
| 16 | Songoog |
| 17 | |
| 18 | REAXOY Official |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | Luck King |
| 27 | Pacho US |
| 28 | |
| 29 | |
| 30 | |
| 31 | |
| 32 | Xunshun-us |
| 33 | |
| 34 | Yusent |
| 35 | Surprise Sticker |
| 36 | LiJunUS |
| 37 | HuanTai |
| 38 | |

| | |
|---|---|
| 39 | FOTAYOY |
| 40 | |
| 41 | |
| 42 | Star Sail |
| 43 | LEE BOYA |
| 44 | Changrowth |
| 45 | GofuSQ Store |
| 46 | |
| 47 | QXHH |
| 48 | |
| 49 | |
| 50 | LZDS |
| 51 | |
| 52 | |
| 53 | |
| 54 | |
| 55 | |
| 56 | Pikeet Store |
| 57 | ANNINA |
| 58 | |
| 59 | ZHAODE |
| 60 | BHLM560 |
| 61 | |
| 62 | LoLo stickers store |
| 63 | |
| 64 | jiajunyamaxun |
| 65 | |
| 66 | |
| 67 | |
| 68 | Brilliant store |
| 69 | XUANOUPING |
| 70 | |
| 71 | |
| 72 | UClever Direct |
| 73 | FRNNFDS |
| 74 | shangleiStore |
| 75 | Minoly |
| 76 | Aaron trade mall |
| 77 | |
| 78 | Canglin Trade |
| 79 | |

| | |
|---|---|
| 80 | |
| 81 | |
| 82 | |
| 83 | |
| 84 | Fenliny-US |
| 85 | |
| 86 | |
| 87 | MARIE'S Handmade |
| 88 | |
| 89 | Gorg |
| 90 | |
| 91 | |
| 92 | Xingniedianzishangwu |
| 93 | Jiahang-US |
| 94 | wangq-US |
| 95 | Yuyionexyz |
| 96 | moonsole |
| 97 | |
| 98 | |
| 99 | Tianjw |
| 100 | |
| 101 | |
| 102 | |
| 103 | |
| 104 | |
| 105 | LOMOTARI |
| 106 | |
| 107 | |
| 108 | KOWUEN |
| 109 | |